J-S73019-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROY CARSWELL, | |
| Appellant | No. 500 WDA 2018 |

Appeal from the PCRA Order Entered March 5, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014131-2015

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY BENDER, P.J.E.: FILED FEBRUARY 1, 2019

Appellant, Roy Carswell, appeals from the order denying his petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant's counsel, Alan R. Patterson III, Esq., has filed a petition to withdraw as counsel, and an accompanying "no-merit" brief pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc) ("Turner/Finley"). After careful review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

Appellant's conviction was based on the following alleged facts:

> On September 28, 2015 at approximately 1:16 PM, a 911 call was made in regards to a woman who was assaulted on Soltis Drive. The Clairton Police responded and then requested the investigative assistance of the Allegheny County Police.

Upon arrival, Officer Nolte of the Clairton Police Department met with Danielle O'Leary. O'Leary stated that she had been stabbed with a machete by her boyfriend, [Appellant]. O'Leary was transported to Allegheny General Hospital by Life Flight where she [was] in critical condition. O'Leary was treated for a right skull fracture, lumbar fracture to her spinal column, multiple cuts to her head, face, chest and hands, and blunt force trauma to the right side of her head.

During an interview with Detective Michael Feeney, O'Leary stated that she had spent the previous night at [Appellant]'s home located at 6404 Soltis Drive, Clairton. O'Leary stated that after taking her children to school, they returned to [Appellant]'s home and were lying in bed when she received a text message from a male friend. [Appellant] became angry and started striking O'Leary with her cell phone, [and] then reached for a machete he kept under the bed. [Appellant] attacked O'Leary with the machete, causing injury to her head, face, and chest. O'Leary also sustained defensive wounds to her arms and legs as she fought off [Appellant]'s attempts to stab her with the machete in her chest and stomach. When [Appellant] attempted to stab O'Leary in the stomach, it pierced her clothing but not her skin because it was apparently too dull. During the assault, [Appellant] told O'Leary, "You are going to die." While [Appellant] went in search of a sharper machete, O'Leary fled the residence and summoned help from a passerby.

Criminal Complaint, 9/28/15, at 2.

The Commonwealth initially charged Appellant with attempted murder, 18 Pa.C.S. § 901, 18 Pa.C.S. § 2502; and aggravated assault, 18 Pa.C.S. § 2702(a)(1). On July 11, 2016, pursuant to a plea agreement wherein the Commonwealth agreed to drop the charge of attempted murder, Appellant pled nolo contendere to the single charge of aggravated assault. There was no agreement as to Appellant's sentence. Subsequently, on October 5, 2016, the trial court sentenced Appellant to 6-12 years' incarceration. Appellant did not file a direct appeal from the judgment of sentence.

On October 13, 2017, Appellant filed a timely, pro se PCRA petition. The PCRA court appointed Michael Kolacay, Esq., to represent Appellant on October 20, 2017. However, Attorney Kolacay was permitted to withdraw on December 1, 2017, and the court then appointed Scott Coffey, Esq., as Appellant's PCRA counsel. On January 22, 2018, Attorney Coffey filed a Turner/Finley no-merit letter and a motion to withdraw as PCRA counsel. The court granted Attorney Coffey leave to withdraw on January 30, 2018, and gave Appellant 20 days to respond to its notice of the court's intent to dismiss his peition pursuant to Pa.R.Crim.P. 907. No response was filed. Thus, on March 5, 2018, the court denied Appellant's PCRA petition. Appellant filed a timely, pro se notice of appeal from the order denying his PCRA petition on April 5, 2018. The PCRA court then appointed current counsel, Alan Patterson III, Esq., to represent Appellant during his PCRA appeal. Appellant filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on May 1, 2018. The PCRA court issued its Rule 1925(a) opinion on June 27, 2018. On September 27, 2018, Attorney Patterson filed a petition to withdraw and a copy of his pending Turner/Finley brief with this Court. Attorney Patterson also filed the same Turner/Finley brief with this Court on November 13, 2018.

When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;

5. [T]he court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6. [T]he court must agree with counsel that the petition is meritless.

Commonwealth v. Daniels, 947 A.2d 795, 798 (Pa. Super. 2008) (citing Commonwealth v. Friend, 896 A.2d 607, 615 (Pa. Super. 2006)). Attorney Patterson has substantially complied with the above requirements. Counsel filed a Turner/Finley brief to accompany his application to withdraw as counsel, a more than adequate substitute for a Turner/Finley letter. The brief sets forth the potential claims for review, as well as an explanation regarding why PCRA counsel believes the claims to be meritless. The Turner/Finley brief and accompanying application to withdraw as counsel were forwarded to Appellant, along with a letter explaining his right to proceed pro se or to retain private counsel.

Accordingly, we review the record to determine if, indeed, Appellant's claims on appeal from the dismissal of his PCRA petition are meritless and,

therefore, if counsel should be permitted to withdraw. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." Commonwealth v. Garcia, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Id.

In Appellant's pro se PCRA petition, he checked two boxes that indicated the general nature of the claims for which he sought relief. Appellant's Pro Se PCRA Petition (hereinafter, "Petition"), 10/13/17, at 2. The first checked box indicated that Appellant was eligible for relief because of the "ineffective assistance of counsel [IAC] which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Id. The second checked box indicated that Appellant was eligible for relief because of a "plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." Id. The only detail provided by Appellant to support these claims of error was his comment that trial counsel "failed to file a requested appeal." Id. at 4. Under the section of the Petition provided for the relief sought, Appellant did not check the boxes indicating that he was seeking a new trial or release from custody and discharge. Id. at 6. Instead, Appellant only checked a box for the correction of his sentence, and relatedly, he requested "Other Relief" in the form of an "outpatient program." Id.

As noted by both Attorney Patterson and Attorney Coffey in their respective filings pursuant to Turner/Finley, Appellant never responded to their requests for specific details regarding his purported request for a direct appeal from his judgment of sentence. See Attorney Coffey's Turner/Finley Letter, 1/22/18, at 7; Attorney Patterson's Turner/Finley Brief, 11/13/18, at 6. Moreover, Appellant filed no response to the lower court's Rule 907 order, nor did he file any response to Attorney Patterson's motion to withdraw. Accordingly, like Attorneys Coffey and Patterson, this Court cannot ascertain the factual basis for Appellant's boilerplate claims as set forth in the Petition. Relatedly, the PCRA court suggests that this Court should affirm the order denying PCRA relief because Appellant waived the issues raised in Appellant's counseled Rule 1925(b) statement (filed by Attorney Patterson), on the basis that Appellant "failed to sufficiently specify his claims of error...." PCRA Court Opinion (PCO), 6/27/18, at 1.

We are compelled to agree with the PCRA court. The issues raised in Appellant's Rule 1925(b) statement were too vague to preserve those claims for appellate review. Appellant's Rule 1925(b) statement read, in pertinent part, as follows:

The [Appellant] now raises the following claims of error:

a. The [t]rial [c]ourt erred or abused its discretion in failing to grant the [Appellant]'s requested relief under the PCRA of granting an appeal of [the] judgment of sentence; and

b. The [t]rial [c]ourt erred or abused its discretion in failing to grant [Appellant] an evidentiary hearing in this matter.

Appellant's Pa.R.A.P. 1925(b) Statement, 5/1/18, at 2.

With regard to issue (a), Appellant did not specifically request the opportunity to file a nunc pro tunc direct appeal. As noted above, Appellant only specifically requested sentencing relief in his PCRA petition. Even if the PCRA court should have assumed such relief had been requested based on Appellant's claim that a requested direct appeal was not filed by trial counsel, no development of that claim occurred in the Petition, and no amended petition was filed in this case. As the PCRA court stated:

> Here, the Concise Statement provides absolutely no explanation or context for the claims. These generic claims could literally apply to every single case where this [c]ourt has dismissed a PCRA Petition without a hearing. Why did this [c]ourt err in not granting PCRA relief of "granting an appeal"? Does he mean to say an appeal nunc pro tunc or did he attempt to file an appeal but was interfered with? Why should this [c]ourt have granted an evidentiary hearing? What is the underlying basis for the claims of error? Why did [Appellant] mark the "plea induced" and "ineffective assistance of counsel" boxes on the pro se PCRA form? Are they related? Were either of these claims the basis for the "granting an appeal" or evidentiary hearing claims in the Concise Statement? There are too many questions left unanswered by this too-generic Concise Statement, such that this [c]ourt is unable to provide any meaningful legal analysis for the appellate courts. As such, this [c]ourt is forced to conclude that any and all claims on appeal have been waived.

PCO at 3-4. For these reasons, we agree that Appellant waived all claims on appeal by failing to adequately specify the nature of those claims in his Rule 1925(b) statement. Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa. Super. 2006) ("If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument.").

In any event, as Attorney Patterson noted in his Turner/Finely brief, even if we construe the Petition in the best possible light, Appellant's potential claims are meritless. There is no evidence in the record that Appellant requested a direct appeal following his guilty plea and sentence. Furthermore, both Attorneys Patterson and Coffey attempted to get Appellant to elaborate on the factual basis for such an assertion, and Appellant failed to cooperate with them in that regard. Moreover, in our review of the record, we did not discover any other issues of arguable merit. Consequently, absent any indication as to what an evidentiary hearing possibly could provide to substantiate the underlying failure-to-appeal claim, the PCRA court could not have erred in denying an evidentiary hearing.

Petition to withdraw granted. Order affirmed.

Judge Olson joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/1/2019